**NATIONAL STRIKE INFORMATION CENTER et al., Plaintiffs,**

v.

**BRANDEIS UNIVERSITY OF WALTHAM, MASSACHUSETTS et al., Defendants.**

Civ. A. No. 70–1025.

United States District Court,
D. Massachusetts.

Aug. 20, 1970.

Howard S. Whiteside, Boston, Mass., for plaintiffs.

Daniel D. Levenson, Boston, Mass., for defendants Brandeis and Schottland.

William J. Bannan, Jr., City Sol., Waltham, Mass., for defendants, Board of Assessors.

## OPINION

CAFFREY, District Judge.

This is a civil action instituted by five individuals and an unincorporated student association against Brandeis University, its Acting President, an Associate Dean, and three Assessors of the City of Waltham. It is alleged that this is a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and jurisdiction of this court is invoked under 42 U.S.C.A. §§ 1981, 1983; 28 U.S.C.A. § 1343(3) (4); and 28 U.S.C.A. §§ 2201, 2202.

The matter came on for hearing on plaintiffs' application for a preliminary injunction and on a motion to dismiss filed by Brandeis University pursuant to Rule 12(b), Federal Rules of Civil Procedure. At the hearing, testimony was taken from four of the five plaintiffs and from Charles I. Schottland, Acting President of Brandeis, and a few documentary exhibits were admitted in evidence.

Basically, the complaint, which recites a great deal of evidentiary matter, alleges that Brandeis University, through the action of various administrative officials of the University, has interfered with and is presently interfering with claimed rights of the plaintiffs under the First, Fifth and Fourteenth Amendments to the United States Constitution, including freedom of speech, press, assembly and association. In addition, it alleges that plaintiffs are being denied due process of law and equal protection of the laws, and that "defendant Brandeis University and its agents have acted in concert with the defendant assessors of Waltham." However, in a memorandum of law filed subsequent to the complaint, counsel for plaintiffs makes the statement, "We cannot allege conspiracy by the University and its agents with the Waltham assessors." Specifically, plaintiffs pray for an order restraining defendants from "attempting in any way to interfere with the plaintiffs' meeting and operating as a Brandeis University student organization on the Brandeis University campus."

The motion to dismiss asserts that this court lacks jurisdiction because "the facts alleged in the complaint show no basis from which the court can conclude that there is present the requisite state action to confer jurisdiction under * * * 42 U.S.C. 1983 and 28 U.S.C. 1343(3) and (4), in that defendant Brandeis University is a private institution." The motion also requests abstention by this court because of a pending case in Middlesex Superior Court which has challenged the right of Brandeis and other schools to a tax exemption. The state court case has been argued and is presently under advisement by a Judge of the Superior Court. Several other grounds for dismissal are raised in the

motion. After hearing, I find and rule as follows:

The National Strike Information Center, so-called, is an amorphous entity, if indeed it is a legally cognizable entity at all (a question which need not be decided for purposes of these motions). It has no written or oral Constitution, charter, articles of association, rule book, or other definition of its organization purpose, make-up, membership, dues, etc. It has no officers, directors, or trustees. There is no defined method or manner for establishing who, if anyone, is authorized to act or speak for it at any given time or from time to time with regard to its activities generally or with regard to any particular activity. Apparently the concept for having such an organization or activity originated at a rally held last May in New Haven, Connecticut, in support of certain members of the Black Panther party. It appears that some of the persons in attendance informally and orally agreed that a clearing house for information relative to strike and other campus activities at various colleges in the United States was desirable, and certain students at Brandeis undertook to commence serving as a clearing house for this type of information. Thereafter, some students, not identified at the hearing, began to publish and circulate a weekly newsletter emanating from the Brandeis campus. Subscriptions were solicited and obtained for this newsletter. The evidence at the hearing indicated that $3.00 was the subscription price which the students publishing and circulating the newsletter hoped to receive from each subscriber. However, there was also testimony that no subscriber was refused a subscription for lack of the $3.00. No figures were placed in evidence as to the number of paid subscribers, at $3.00 or any other figure; thus, there is no basis for a finding as to the financial consequences of the actions complained of.

The testimony as to the membership of NSIC was not consistent. There was evidence, (1) that anyone who subscribed to the three propositions which appear on the masthead of each newsletter was a member; (2) that anyone who actually subscribed to the newsletter was a member; and (3) that at the time of the hearing the membership had dwindled to something in the order of 10 to 15 members.

With regard to the status of this "organization" on the Brandeis University Campus, it should be noted that the Brandeis University Student Union is an organization consisting of all regularly matriculated undergraduate Brandeis students. It has adopted a Student Union Constitution, a copy of which was put in evidence as Defendants' Exhibit A. This Constitution has never been approved or disapproved by the Brandeis University administrative staff nor by the Trustees. It has never been submitted to either group for consideration, nor has it been interfered with by the University. Plaintiffs seek to establish that the "Association" is a bona fide student organization under that Constitution by relying on the provisions of Article XIII, SECTION 6, which reads:

"No student or group of students should be refused the use of campus facilities except as noted in Article XIII, SECTION 7, and Article XIII, SECTION 2, as long as they conform to uniform regulations of the University and the Student Council required for the scheduling of meeting times and so long as the facilities are used for the purpose for which they were reserved."

(The exceptions in SECTION 6, relative to Article XIII, SECTIONS 2 and 7, are not material herein.) Plaintiffs rely particularly on the word "facilities" in SECTION 6. On the basis of the testimony of President Schottland, I find and rule that the University has not made administrative facilities of the type involved herein, such as the use of a computer, a xerox or ditto machine, IBM 500 typewriters, and other equipment of the University, available qua facilities to campus groups. I find that a student association has no more right to

demand that these facilities be made available to it then to demand that the President make his secretary available, or that he make campus maintenance trucks and other vehicular equipment available to serve the purposes of a student group. I further find that the nub of this entire controversy is plaintiffs' conceded inability to operate financially without a court order forcing Brandeis University to subsidize their operations by making available to them its computer, IBM 500 typewriters, and similar valuable pieces of equipment. I rule that Brandeis has no legal obligation to so subsidize any particular student activity. I also find and rule that the use of these facilities for a short period of time was without the authority of President Schottland or any administrative officer with authority to allow such use.

On the evidence adduced at the hearing it is clear that Brandeis has not denied to plaintiffs any of the freedoms allegedly interfered with, but, on the contrary, has simply terminated their unauthorized use of its economically valuable administrative equipment, which use, as indicated above, "growed" like Topsy, without ever having received official sanction from any responsible administrative official of the University. Putting the matter positively, I find that the students who describe themselves as members of NSIC are presently able to enjoy, on the Brandeis campus, freedom of speech, freedom of assembly, freedom of association, and freedom of press. Indeed, it should be noted in this regard that one of the plaintiffs testified at the hearing that "Brandeis students are free to do whatever they want."

In light of the foregoing, it cannot be ruled that plaintiffs have a probability of prevailing on the merits, which must be shown in order to entitle them to a preliminary injunction. Accordingly, the motion for a preliminary injunction is denied. The motion to dismiss will be considered in a separate memorandum.